UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
YANG-HAO LU,

                        Petitioner,

    -against-

LAMANNA *Superintendent of Green Haven Correctional Facility*,

                        Respondent.

------------------------------------------------------------------- x

REPORT AND RECOMMENDATION

18-CV-2297 (LDH)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

       In April 2018, *pro se* Petitioner Yang-Hao Lu ("Lu") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, against Respondent Jamie Lamanna, Superintendent of Green Haven Correctional Facility ("Lamanna"), challenging his 1997 state court convictions (the "Petition"). (*See generally* Pet., ECF No. 1.)[1] Before the Court is Lu's motion for leave to amend the Petition. (Mot., ECF No. 17.) The Honorable LaShann DeArcy Hall referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

**I.    BACKGROUND**

       In 1997, in Supreme Court, Kings County, New York, a jury convicted Lu of kidnapping in the first degree, and he was sentenced to three consecutive 25-year sentences. *See People v. Lu*,

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

1

710 N.Y.S.2d 544 (2d Dep't 2000) (mem.). The convictions and sentences were affirmed on appeal. *Id*.

In the Petition, Lu claimed, *inter alia*, that appellate counsel was ineffective for failing to seek leave timely to the New York Court of Appeals (the "IAC Claim").[2] (*See generally* Pet., ECF No. 1.) The Petition is Lu's second attempt to challenge his conviction before this Court; his first, unsuccessful effort was in 2003. *Lu v. Phillips*, No. 03-CV-6084 (JG), 2004 U.S. Dist. LEXIS 20759, at *2 (E.D.N.Y. Oct. 19, 2004). The Court transferred the Petition to the United States Court of Appeals for the Second Circuit (the "Second Circuit"), to review whether it may consider Lu's "successive" petition, pursuant to 28 U.S.C. § 1631. (*See* Transfer Order, ECF No. 8 at 1–2.)

The Second Circuit found that the IAC Claim "is not successive because it does not attack the 1997 criminal judgment." (2d Cir. Order, ECF No. 10 at 1.) The Second Circuit also denied review of Lu's remaining claims for failure to meet the requirements of 28 U.S.C. § 2244(b) and transferred the IAC Claim to this Court for consideration. (*Id.* at 2.)

In July 2021, the Court granted Lu's request for a stay of these proceedings to allow him to exhaust his remedies in the New York State Supreme Court, Appellate Division, Second Judicial Department (the "Second Department"). (July 7, 2021 Order.) Specifically, Lu asked the Second Department to issue a writ of *error coram nobis*, claiming that appellate counsel failed to timely file notice of appeal (the "*Coram Nobis* Petition"). (Pet'r June 10, 2021 Ltr., ECF No. 15.) The

---

[2] The remaining claims are: (1) the indictment did not conform to the testimony elicited at trial; (2) the court incorrectly marshaled the evidence adduced at trial; (3) the prosecutor committed misconduct during summation; (4) consecutive sentences violate Lu's due process rights; and (5) he was denied his right to confront the witnesses against him at trial. (Pet., ECF No. 1 at 6–10.)

2

Second Department denied the *Coram Nobis* Petition in September 2021. *People v. Lu*, 151 N.Y.S.3d 908, 909 (2d Dep't 2021).

Subsequently, Lu filed the instant motion to amend the Petition to include the exhausted IAC Claim. (Mot., ECF No. 17.) Judge DeArcy Hall referred the motion for report and recommendation. (Oct. 21, 2021 Order.) The Court ordered Lamanna to respond to Lu's motion to amend his § 2254 petition. (Nov. 8, 2021 Order.) In Lamanna's response, he asserted that the Court should permit Lu to amend the Petition, but only to include the IAC Claim because the Second Circuit specifically only allowed Lu to proceed on this claim. (Resp't Nov. 9, 2021 Ltr., ECF No. 18 at 2–3.)

Later the same month, Lu advised this Court that he had sought permission in state court to appeal the Second Department's denial of his IAC Claim to the New York Court of Appeals. (Pet'r Nov. 19, 2021 Ltr., ECF No. 19.) Lu filed an additional letter agreeing with Lamanna's assertion that "the Second Circuit's Mandate was limited to the single issue of whether or not appellate counsel was ineffective for the late filing of the letter seeking leave to appeal to the Court of Appeals (and by extension her false representations to [Lu], her client, that she had timely moved)." (Pet'r Dec. 15, 2021 Ltr., ECF No. 20.) Lu also reiterated that he was seeking to exhaust the IAC Claim in the state court system and that he would be open to staying the motion to amend the Petition pending the Court of Appeals' decision. (*Id.* at 1.)

On January 11, 2022, Lu informed the Court that the Court of Appeals had denied his request for leave to appeal. (Pet'r Jan. 11, 2022 Ltr., ECF No. 21.) He requested that "the Court advise as to whether or not you wish to hold the Report and Recommendations until the Court of Appeals decides the Successive Petition Motion." (*Id.*) Subsequently, Lu clarified that he had "been advised to file a second/successive habeas corpus petition, before realizing that this is a

continuation of the same petition [he] had already filed a couple of years ago, and that most of the other issues have already been decided by the District Court." (Pet'r Jan. 28, 2022 Ltr., ECF No. 22 at 1.)  He also confirmed that the IAC Claim is the only issue remaining after the Second Circuit's transfer.  (*Id.*)  He then requested that the Court remand the case to state court and appoint appellate counsel for a new appeal.  (*Id.* at 1–2.)

Lamanna opposed Lu's request for a stay or for remand and asked the Court to direct Lu to file a second habeas petition within a reasonable time.  (Resp't Feb. 16, 2022 Ltr., ECF No. 23 at 2.)  Lamanna also stated that, to the extent Lu is requesting that the case be held in abeyance so he can pursue remedies in state court, the Court should deny this request because his claims in state court have already been exhausted.  (*Id.*)

## II. DISCUSSION

Because habeas corpus proceedings are characterized as civil in nature, leave to amend a habeas petition is governed by Rule 15 of the Federal Rules of Civil Procedure.  *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Velez-Garriga v. Bell*, No. 20-CV-5911 (EK), 2022 WL 1017755, at *4 (E.D.N.Y. Apr. 5, 2022) ("[Rule] 15, which governs amendments of pleadings, also applies in the habeas context.").  Under Rule 15, leave to amend should be "freely given," but a court may deny that leave "to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn*, 271 F.3d at 363 (quotation marks omitted).

The Second Circuit has stated that a district court should not dismiss a *pro se* complaint "without granting leave to amend once," unless amendment would be futile, emphasizing "the limited legal knowledge and resources available to *pro se* plaintiffs." *Garcia v. Superintendent of*

*Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quotation marks omitted). It determined that "[t]hese concerns are heightened in the § 2254 context, because prisoners ordinarily lack legal knowledge and resources. Moreover, the issue at stake—the legality of a prisoner's confinement—is of fundamental importance." *Id.*; *see also Theard v. Artus*, No. 09-CV-5702 (NGG) (LB), 2011 WL 4056054, at *2 (E.D.N.Y. Sept. 1, 2011) (granting *pro se* petitioner's motion to amend, over respondent's objections that amendment would be futile, "in light of the liberal standards regarding motions to amend" under Rule 15).

Given the procedural posture here and the liberal amendment standard under Rule 15, leave to amend the Petition is warranted. *First*, Lu's *pro se* status and explanation that he is seeking to amend to include an exhausted claim support granting the motion. *Garcia*, 841 F.3d at 583. *Second*, Lamanna does not argue, and the record does not suggest, that Lu is seeking to amend in bad faith or as a dilatory tactic. *See Littlejohn*, 271 F.3d at 363. In fact, Lamanna supports granting Lu leave to amend the Petition to include the IAC Claim. (Resp't Nov. 9, 2021 Ltr., ECF No. 18 at 2–3.) *Third*, because the Second Circuit specifically directed that "Petitioner's failure to appeal claim is transferred to the district court for its consideration in the first instance," amendment of the Petition to include only this claim is permitted. (2d Cir. Order, ECF No. 10 at 2.) Accordingly, the Court respectfully recommends that Lu should be directed to file an amended petition within 30 days of a final order on this motion. The amended petition should clearly outline Lu's arguments regarding the IAC Claim, but not any other claims.

Finally, Lu's request for remand or a stay and for appointment of appellate counsel should be denied. As Lamanna correctly points out, Lu has already exhausted his state remedies on the IAC Claim, making a stay or remand unnecessary. (*See* Resp't Feb. 16, 2022 Ltr., ECF No. 23

5

at 2.) And because the Court has not yet decided the IAC Claim, appointment of appellate counsel for Lu is premature at this stage. (*Id.*)

### III.   CONCLUSION

For the reasons stated above, the Court respectfully recommends that Lu's motion to amend his 28 U.S.C. § 2254 petition at ECF No. 17 should be **granted**. If an order adopting this Report and Recommendation is issued, the amended petition should be filed within 30 days of the date of that order and should include only an ineffective assistance of counsel claim based upon appellate counsel's failure to timely seek leave to appeal. The Court further respectfully recommends that Lu's motion for remand and for appointment of appellate counsel at ECF No. 22 should be **denied**.

The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to all parties. Within 14 days, any party may serve and file objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 16, 2022

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge