UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

YANG HAO LU, a/k/a Yaeng Hao Lu,            :

                Petitioner,            :            **<u>MEMORANDUM DECISION</u>**

         - v -                                :            03-cv-6084 (DC)
                                                 18-cv-2297 (DC)

LAMANNA, Superintendent of                  :
Green Haven Correctional Facility,

                                       :
                Respondent.
                                       :
------------------------------------x

APPEARANCES:       YANG HAO LU
                            Petitioner *Pro Se*
                            DIN 96A7293
                            Green Haven Correctional Facility
                            Stormville, NY 12582

                            ERIC GONZALEZ, Esq.
                            District Attorney of Kings County
                            By:   Daniel Berman, Esq.
                                    Assistant District Attorney
                            350 Jay Street
                            Brooklyn, NY 11201-2908
                                Attorney for Respondent

CHIN, Circuit Judge:

        In 1997, following a jury trial, petitioner Yang Hao Lu was convicted in the Supreme Court of the State of New York, Kings County (Hall, *J.*), on three counts of kidnapping in the first degree. He was sentenced to three consecutive prison terms of

twenty-five years to life. On June 12, 2000, his conviction was affirmed by the Appellate Division, Second Department. *People v. Yang Hao Lu*, 710 N.Y.S.2d 544 (2d Dep't 2000). Appellate counsel informed Lu that she would seek leave to appeal his convictions to the New York Court of Appeals, but she failed to do so. Some two years later, counsel filed a motion for an extension of time to seek leave to appeal to the Court of Appeals; the motion was denied as untimely on October 15, 2002.

Lu thereafter filed two petitions in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The first petition, in case No. 03-cv-6084, raised three claims relating to the proceedings at trial; the petition was denied on the merits in 2004. The second petition, No. 18-cv-2297, is still pending, and following proceedings in the Second Circuit, it has been amended so that it asserts only one claim: an ineffective assistance of counsel claim based on appellate counsel's failure to seek leave to appeal to the Court of Appeals.

For the reasons set forth below, the petition in 18-cv-2297, as amended, is DENIED.

*STATEMENT OF THE CASE*

A.   *The Facts*

The evidence at trial established the following:

On July 25, 1995, at around 3:00am, Lu and three other men armed with guns and knives forced their way into an apartment in Sunset Park, Brooklyn. After the

men forced the six occupants to kneel, Lu proceeded to blindfold them, tied their hands, and covered their mouths with duct tape. Lu and his cohorts stole various items, including cash, a television, and a VCR, and kidnapped a man and a pregnant woman. 03-cv-6084 Dkt. 32-3 at 5-7, 9.[1]

The two hostages were held for ransom for fourteen days, during which time they were handcuffed together in a closet. The female hostage was stabbed, raped, and sodomized on three occasions by two of the kidnappers, including Lu. *Id*. at 7-10. On August 7, 1995, the police rescued the victims from an apartment on Avenue Y in Brooklyn. *Id*. at 10-11. A search revealed two loaded handguns as well as handcuffs and numerous items of stolen property. *Id*. at 11.

**B.**   *Procedural History*

    1.   *State Court Proceedings*

Lu was indicted in Kings County for conspiracy in the second degree, kidnapping, rape, robbery, sodomy, sexual abuse, burglary, unlawful imprisonment, criminal possession of a weapon, and criminal facilitation. 18-cv-2297 Dkt. 32 at 2. In 1997, Lu was convicted after a jury trial of three counts of kidnapping in the first degree. *Id*. He was sentenced to three consecutive indeterminate terms of 25 years to life. *Id*.

---

[1] 03-cv-6084 Dkt. 32-3 is the People's brief submitted in the Appellate Division on Lu's direct appeal. It contains a detailed recitation of the facts with citations to the trial record, including to the testimony of the victims.

On direct appeal to the Appellate Division, Second Department, Lu argued that (1) the indictment did not conform to the trial testimony, (2) the trial court incorrectly marshalled the evidence, (3) the prosecutor committed misconduct during trial and summation, and (4) his sentence was improper. 03-6084 Dkt. 32-1 at 3.

On June 12, 2000, the Appellate Division unanimously affirmed Lu's convictions. *Yang Hao Lu*, 710 N.Y.S.2d at 544. The court held that the claims regarding prosecutorial misconduct were unpreserved and without merit. *Id*. It found no error in the trial court's decision to allow the prosecution to ask some leading questions, in light of Lu's language difficulties. The court further held that the sentence was permissible, and it rejected the remaining challenges as either unpreserved or without merit. *Id*.

Lu's appellate counsel, Elizabeth S. Ostrow, notified him via letter dated July 20, 2000, that she would seek leave to appeal to the New York Court of Appeals. 03-cv-6084 Dkt. 32-3 at 32. Ostrow failed to do so. More than two years later, on September 3, 2002, Lu wrote to the New York Court of Appeals to inquire about the status of his appeal and was informed on September 10, 2002, that the application for leave to appeal had never been filed. *Id*. at 34, 36.

On September 17, 2002, Ostrow filed a motion pursuant to C.P.L. § 460.20 requesting an extension to move for leave to appeal. *Id*. at 38. In her affirmation in support of the motion, Ostrow cited Lu's language difficulties as the sole reason for her failure to file the leave application. *Id*. at 44 ("Due to your Affirmant's inability to

4

communicate with Defendant/Appellant in a meaningful fashion, confusion existed regarding the undersigned's continued representation of Defendant/Appellant after resolution of his appeal . . . and whether an application for leave to appeal should be filed."). The Court of Appeals denied the motion as untimely on October 15, 2002. *Id*. at 46. Ostrow was later disciplined by the First Judicial Department's Disciplinary Committee and Lu was so notified via letter dated July 6, 2004. 18-cv-2297 Dkt. 1 at 16-17.

### 2. *Proceedings Below*

On November 26, 2003, proceeding *pro se*, Lu filed his first habeas petition (No. 03-cv-6084), raising three claims: (1) denial of a fair trial, (2) prosecutorial misconduct, and (3) ineffective assistance of trial counsel. 03-cv-6084 Dkt. 1 at 5. The petition did not raise an ineffective assistance of counsel claim based on appellate counsel's failure to file a timely application for leave to appeal to the New York Court of Appeals. *See id*. The petition was denied by this Court on October 19, 2004 (Gleeson, J.), 03-cv-6084 Dkt. 18; *see also* 03-cv-6084 Dkt. 20 (judgment), and Lu's application for a certificate of appealability was denied by the Second Circuit on August 26, 2005, 03-cv-6084 Dkt. 24.

Lu filed his second petition on April 9, 2018. 18-cv-2297 Dkt. 1. In addition to raising the same claims advanced on direct appeal, he also alleged ineffective assistance of appellate counsel. *Id*. at 4. This Court (Hall, J.) transferred this

5

petition to the Second Circuit for consideration as a motion for leave to file a successive 28 U.S.C. § 2254 petition. 18-cv-2297 Dkt. 8. On May 6, 2019, the Second Circuit denied leave. First, it concluded that leave was unnecessary for Lu to raise an ineffective assistance of appellate counsel claim (for failing to timely seek leave to appeal to the New York Court of Appeals) as this was not a successive claim. Second, it denied leave as to the remainder of Lu's proposed petition because the requirements of 28 U.S.C. § 2244(b) had not been satisfied. The Second Circuit transferred the failure to appeal claim back to this Court "for its consideration in the first instance." 18-cv-2297 Dkt. 9. The Second Circuit's May 6, 2019 order and its May 28, 2019 mandate were filed under both docket numbers in this Court.

On remand, the case was stayed pending Lu's application in state court for a writ of *error coram nobis* based on the ineffective assistance of appellate counsel claim. 18-cv-2297 Docket Sheet at 4 (minute order). On September 29, 2021, the Appellate Division denied the application, concluding that Lu "has failed to establish that he was denied the effective assistance of appellate counsel." *People v. Yang Hao Lu*, 151 N.Y.S.3d 904 (2d Dep't 2021) (citing *Jones v. Barnes*, 463 U.S. 745 (1983), and *People v. Stultz*, 810 N.E.2d 883 (N.Y. 2004)). The Court of Appeals denied Lu's application for leave to appeal. *People v. Yang Hao Lu*, 180 N.E.3d 502 (N.Y. 2021) (Rivera, J.).

Thereafter, Lu was granted leave to amend his habeas petition in 18-cv-2297 to include -- and only to include -- an ineffective assistance of counsel claim based

6

on appellate counsel's failure to timely seek leave to appeal his conviction to the New York Court of Appeals. 18-cv-2297 Docket Sheet at 6-7. Lu filed an amended petition on October 28, 2022. 18-cv-2297 Dkt. 28. The case was reassigned to the undersigned on January 19, 2023. 18-cv-2297 Docket Sheet at 8. The District Attorney's office filed its response to the amended petition on January 24, 2023. 18-cv-2297 Dkt. 32.

In light of the above, the only claim presently before the Court is Lu's ineffective assistance of appellate counsel claim based on his attorney's failure to timely seek leave to appeal to the New York Court of Appeals, a claim raised in his second petition (No. 18-cv-2297).

## DISCUSSION

### I. *Federal Review of State Convictions*

#### A. *The Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> . . .
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). This statute of limitations period applies to second or successive habeas petitions. *See Watson v. Artuz*, 283 F. Supp. 3d 217, 231 (S.D.N.Y.

2018) ("[A] plain reading of the statute's text establishes that a one-year limitation period applies to second or successive petitions.").

  B.  *Standard of Review*

    A federal court may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017); *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). Hence, when a claim is adjudicated on the merits, the state court's decision must be accorded "substantial deference." *Fischer v. Smith*, 780 F.3d 556, 560 (2d Cir. 2015). "A federal court may reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (per curiam) (quoting *Harrington*, 562 U.S. at 103); *see also Wetzel v. Lambert*, 565 U.S. 520, 524 (2012).

    Where a habeas petition asserts an ineffective assistance of counsel claim, the standard for evaluating counsel's representation is "a most deferential one," even under *de novo* review. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). To prevail on a claim of ineffective assistance of counsel under New York law, a defendant must show

8

that "counsel failed to provide meaningful representation." *People v. Alvarez*, 125 N.E.3d 117, 120 (N.Y. 2019) (citing *Stultz*, 810 N.E.2d at 883; *People v. Baldi*, 429 N.E.2d 400 (N.Y. 1981)). Unlike the federal standard, *see Strickland v. Washington*, 466 U.S. 668, 694 (1984), the defendant is not required to demonstrate that the ineffective assistance resulted in prejudice. *Id.* Therefore, the New York standard "offers greater protection than the federal test because . . . even in the absence of a reasonable probability of a different outcome, inadequacy of counsel will still warrant reversal whenever a defendant is deprived of a fair trial." *People v. Honghirun*, 78 N.E.3d 804, 807 (N.Y. 2017) (citation omitted). Where the state law standard is more protective than the federal standard, the former subsumes the latter and the federal claim "may be regarded as having been adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 301 (2017).

II.   *Analysis*

   A.   *Untimeliness of the Petition*

As a threshold matter, Lu's ineffective assistance of appellate counsel claim is properly exhausted because it was raised in his *coram nobis* petition and leave to appeal was denied by the state's highest court. *See Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 190-92 (2d Cir. 1982).

Lu's petition is barred, however, by the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(1)(D). Lu learned of Ostrow's failure to seek leave to appeal on September 10, 2002, when he received a letter from the Court of Appeals notifying him

9

that an application for leave to appeal had not been filed. 03-cv-6084 Dkt. 32-3 at 36. This notice confirmed the factual predicate underlying the ineffective assistance claim and triggered the beginning of the limitations period. 28 U.S.C. § 2244(d)(1)(D). Lu did not include the claim in his first petition filed on November 26, 2003, and only did so when he filed his second petition on April 9, 2018, more than fifteen years after he learned of Ostrow's delinquency. Indeed, Judge Gleeson -- who was aware of appellate counsel's failure to timely seek leave to appeal to the Court of Appeals -- held that Lu's first petition was untimely. 03-cv-6084 Dkt. 18 at 8. The second petition is likewise untimely. Moreover, while Lu's *coram nobis* proceedings arguably could toll proceedings, the limitations period had already expired and the proceedings could not restart the limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."); *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (holding that a *coram nobis* petition tolls but does not reset the one-year limitations period). His petition is therefore time-barred.

    B.    *Merits*

Even assuming the petition is not time-barred, it fails on the merits. The Appellate Division rejected Lu's ineffective assistance claim raised in his *coram nobis* petition because it held that he "failed to establish that he was denied effective

10

assistance of appellate counsel." *People v. Yang Hao Lu*, 151 N.Y.S.3d 908 (2d Dep't 2021). In so holding, the court cited New York case law elucidating the lenient state standard for judging ineffective assistance of counsel claims. *Stultz*, 810 N.E.2d at 887 ("[A] defendant need not fully satisfy the prejudice test of *Strickland*. We continue to regard a defendant's showing of prejudice as a significant but not indispensable element in assessing meaningful representation."). The court also cited *Jones v. Barnes*, where the Supreme Court reversed a New York Court of Appeals decision that appellate counsel must raise every nonfrivolous issue requested by a client. 463 U.S. 745, 751-53 (1983) (holding that the New York court's *per se* rule that appellate counsel must raise every nonfrivolous issue requested by defendant was contrary to Supreme Court precedent).

The Appellate Division's holding is a reasonable application of state and federal precedent and is owed "substantial deference." *Fischer*, 780 F.3d at 560. Its determination that Lu was not denied meaningful representation is reasonable.

As a general matter, unlike a defendant's direct appeal to an intermediary appellate court, an appeal to the state's highest court is discretionary and not a matter of right. *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2d Cir. 2022) ("Whether the appeal will be heard in the Court of Appeals is a discretionary decision."). Furthermore, it is well established that criminal defendants do not have a constitutional right to counsel for discretionary appeals. *See Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974) (holding that the

Equal Protection Clause does not require that a state provide counsel for a defendant seeking an appeal to the state's highest court); *Chalk*, 311 F.3d at 528.

More specifically, this rule is well established in New York. The New York Court of Appeals has held that in contrast to a "first-tier appeal as of right to an intermediate appellate tribunal," "there is no federal constitutional entitlement to legal representation on a discretionary application for an appeal to a state's highest court." *People v. Andrews*, 17 N.E.2d 491, 498 (N.Y. 2014); *accord People v. Grimes*, 115 N.E.3d 587, 591 (N.Y. 2018) ("[T]here is no equivalent federal constitutional due process or ineffective assistance claim for counsel's failure to seek leave to appeal to the Court of Appeals"). In *Andrews*, on facts similar to those at hand, the court explained that "the failure to file a [criminal leave application], standing alone, does not necessarily establish that [defendant] was deprived of effective assistance of counsel or due process of law." *Andrews*, 17 N.E.2d at 498. Similarly, in *People v. Alvarez*, the court held that where a lawyer "neglected to file a criminal leave application," "the fairness of defendant's direct appeal was not compromised by appellate counsel's performance and, therefore, defendant was not deprived of meaningful representation." 125 N.E.3d 117, 121 (N.Y. 2019). Here, Lu's counsel did provide meaningful representation in his first-tier direct appeal to the Appellate Division, and, as the Appellate Division concluded, the failure of counsel to timely seek leave to appeal to the Court of Appeals did not deprive him of meaningful representation.

Because Lu had no constitutional right to appellate counsel for a second-tier discretionary appeal, he "could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (denying habeas petition premised on ineffective assistance of counsel claim because appellate counsel's failure to petition for certiorari only prevented petitioner from seeking further discretionary review).

Though New York courts do not require prejudice for a defendant to prove ineffective assistance, they are nonetheless "skeptical of ineffective assistance of counsel claims where the defendant is unable to demonstrate any prejudice at all." *Alvarez*, 125 N.E.3d at 120 (internal quotation marks and citation omitted). Lu cannot demonstrate that he was prejudiced by counsel's failure to file a timely application for leave to appeal to the Court of Appeals. Even assuming that leave to appeal had been timely sought, the few claims preserved for appellate review were either unreviewable or meritless.

First, because the Appellate Division held that the "imposition of consecutive sentences was not unlawful," *Yang Hao Lu*, 710 N.Y.S.2d at 544, Lu's contention that his sentence was excessive would not have been properly before the Court of Appeals. *People v. Thompson*, 458 N.E.2d 1228, 1231 (N.Y. 1983) ("It is well settled that any question as to whether an otherwise lawful sentence is harsh or severe . . . involves a type of discretion not reviewable by the Court of Appeals."). Indeed, a co-

13

defendant's application for leave to appeal based on a similar claim was denied by the Court of Appeals. *See People v. Tong Feng Lu*, 744 N.E.2d 151 (N.Y. 2000), *denying leave to appeal from* 710 N.Y.S.2d 544 (2d Dep't 2000). Second, in response to Lu's claim of prosecutorial misconduct, the Appellate Division held that the court "providently exercised its discretion in permitting the prosecutor to pose some leading questions in an effort to clarify the testimony" of a witness who demonstrated language difficulties. *Yang Hao Lu*, 710 N.Y.S.2d at 544. Finally, the court dismissed all other claims as unpreserved for appellate review. *Id*. The meritless or unpreserved nature of Lu's challenges makes clear that he was not prejudiced by the failure to file for leave to appeal. This -- in conjunction with the deference accorded to the Appellate Division -- counsels against granting a petition premised on an ineffective assistance of counsel claim in the circumstances here.

## CONCLUSION

Lu has failed to show a basis for relief under 28 U.S.C. § 2254. Accordingly, his amended petition in No. 18-cv-2297 is denied. Additionally, I decline to issue a certificate of appealability because Lu has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), I certify that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall enter judgment accordingly and close both of these cases. The Clerk shall also mail copies of this memorandum decision and the judgment to Lu at his last known address.

SO ORDERED.

Dated: New York, New York
March 8, 2023

_____
DENNY CHIN
United States Circuit Judge
Sitting By Designation

15